

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 26, 1957



Overruled by
*M-680*

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-245

Re: Traveling expenses in-
curred by District
Attorneys attending a
conference of the Dis-
trict and County Attor-
neys of Texas.

Dear Mr. Calvert:

Your request for an opinion reads as follows:

"This department has received a letter
from Mr. Dan Walton, District Attorney of
Harris County, regarding the reimbursement for
traveling expenses by this department to Dis-
trict Attorneys coming to Austin to attend a
conference.

"A copy of this letter is being forwarded
to you, and this department requests an opinion
from you as to whether payment of these expenses
would be proper.

"In this connection we would like to call
your attention to Attorney General Opinion V-
354 and House Bill No. 133, Acts of the 55th
Legislature, Article VI, Section 29, subsection
f.

"There is no litigation pending that would
have a bearing on this question."

The purpose of the conference in question is stated
by Honorable Dan Walton, District Attorney, Harris County,
President of the District and County Attorneys Association, as
follows:

"As acting President of the District and
County Attorneys Association, I plan to call a
conference of all the District and County Attor-
neys in Texas on September 13-14, 1957, in
Austin, Texas. The purpose of this conference
is to study and discuss our mutual problems in
the field of criminal prosecution. It is felt

that only by such study and discussion can proper solutions be found to local and state-wide problems in the field of criminal prosecution."

It is the contention of Mr. Walton that these expenses may be paid under the principles of law announced in Attorney General's Opinion S-125 (1954).

In Attorney General's Opinion V-354 (1947) referred to by you, it was held that a District Attorney is not entitled to the payment of traveling expenses incurred for the purpose of discussing the matter of re-indictment of defendants with the State's Attorney and Judges of the Court of Criminal Appeals in cases prosecuted by him, which had been reversed. It was stated in that opinion that the District Attorney was entitled to receive his actual and necessary expenses only while engaged in the discharge of his duties, and that it was not the duty of the District Attorney to appear before the Court of Criminal Appeals to represent the State in view of the provisions of Article 25, in the Code of Criminal Procedure and Article 1811, Revised Civil Statutes of Texas.

Subdivision f of Section 29, of Article VI of House Bill 133, Acts of the 55th Legislature, effective September 1, 1957, provides:

"Travel expenses may be reimbursed from the appropriations made in this Act only where the purposes of the travel performed are clearly for the conduct of the State's official business and in consonance with the legal responsibilities of the agency of the State represented."

The above quoted rider of the General Appropriation Act for the biennium beginning September 1, 1957, constitutes a reiteration of the principle of law announced in Attorney General's Opinion V-354. Therefore, the question presented by you involves whether the attending of the conference in question constitutes a discharge of official functions of District Attorneys of this State.

This question is answered by Attorney General's Opinion S-125, which reviews previous opinion of the Attorney General on the question of payment of traveling expenses incurred by a County and District Attorney, and refers specifically to the letter opinion of this office to Paul New, County Attorney of Yoakum County, under date of April 21, 1951, wherein this office stated that the County Attorney could be paid the reasonable and necessary travel expenses in attending an Attorney

General's conference on Organized Crime.  The conference referred to in your request is called by the acting President of the District and County Attorneys Association and is held primarily for the same purpose as the Attorney General's conference, and involves the official duties of the District and County Attorneys of this State.

Therefore, you are advised that the traveling expenses of a District Attorney coming to Austin to attend the conference may be paid by the Comptroller out of monies appropriated in House Bill 133, Acts 55th Legislature, for the purpose of paying traveling expenses of District Attorneys.

<u>SUMMARY</u>

The Comptroller of Public Accounts is authorized to pay the traveling expenses of District Attorneys coming to Austin to attend the conference of District and County Attorneys for the purpose of study and discussion of mutual problems in the field of criminal prosecution.

Yours very truly,

WILL WILSON
Attorney General of Texas


By
John Reeves
Assistant

JR:pf:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
J. C. Davis, Jr.
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL

BY:     Geo. P. Blackburn.